UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO.  05-02

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

v.                                            **OPINION AND ORDER**

JOHNNY RAY TURNER, ROSS HARRIS
and LOREN GLENN TURNER,                                           DEFENDANTS.

* * * * * * *

This matter is before the Court on the Motion to Recuse (Rec. No. 57) of the Defendants

Johnny Ray Turner ("Johnny Ray Turner") and Loren Glenn Turner ("Glenn Turner")[1].

The Defendants, Johnny Ray Turner, Glenn Turner and Ross Harris ("Harris") have been

charged with one count of committing mail fraud in violation of 18 U.S.C. § 1341 and one count of

conspiracy to commit mail fraud and vote-buying in violation of 18 U.S.C. § 371 in connection with

Johnny Ray Turner's win in a 2000 Democratic primary election for Kentucky state Senator.

Previously, after a trial by jury before this Court, Harris and Glenn Turner were convicted

of similar charges in connection with a Pike County district judge campaign.  Johnny Ray Turner and

Glenn Turner now move for this judge to recuse from the matter.  For the following reasons, the

Court DENIES the motion.

**I.      ANALYSIS.**

The Defendants argue that this Court's recusal is mandated by 28 U.S.C. § 455(a) and (b)(1)

(Rec. No. 57, Motion to Recuse at 6) which provide:

(a)      Any justice, judge or magistrate judge of the United States shall disqualify

---

[1]  Glenn Turner filed a Motion to Join Johnny Ray Turner's Motions to Recuse, Motion to Dismiss and
Motion for Oral Argument. (Rec. No. 67).  That motion is GRANTED.

himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:
        (1) where he has a personal bias or prejudice concerning a party. . . .

The Sixth Circuit has stated "[r]ecusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley v. Univ. of Mich. Board of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988). "If there is a reasonable factual basis for doubting the judge's impartiality," then a judge should disqualify himself. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980)(quotations and citation omitted). "Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial." *Id*.

 "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quotations and citation omitted).  The Seventh Circuit has discussed the necessity and desirability of the objective recusal test:

> An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person. . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

*Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.1996) (quoting *In re Mason,* 916 F.2d 384, 385-86 (7th Cir.1990)).

2

The Defendants argue that this Court should recuse for the following reasons:

(1)    Defendant Johnny Ray Turner is a Democrat and the sitting judge's husband is Republican, who works for the current Kentucky Governor who is also Republican; and

(2)    The sitting judge's husband supported Republican opponents of certain Democratic candidates that Defendants Harris and Glenn Turner supported in other races and evidence of Harris's and Glenn Turner's support of those Democratic candidates may be introduced at the trial of this matter under Fed. R. Evid. 404(b).[2]

As to the first reason, the Defendants argue that this judge should recuse because of her husband's position as commissioner of the Kentucky Department of Environmental Protection, a position to which he was appointed by the current Kentucky Governor Ernie Fletcher. The judge's husband is neither a party nor a witness in this matter. The Department of Environmental Protection is neither a party nor a witness in this matter. This matter does not involve an environmental issue. In fact, there is no allegation that the sitting judge's spouse has any direct interest in this matter.

Instead, the Defendants argue that the judge's spouse has an indirect interest in this prosecution. They argue that Republicans necessarily benefit any time there is bad news for Democrats. Governor Fletcher is a Republican. Johnny Ray Turner is a Democrat. Therefore, Governor Fletcher will necessarily benefit if Johnny Ray Turner is convicted. Specifically, the Defendants argue, the Governor's chances for reelection will be increased if Johnny Ray Turner is

---

[2] The Defendants do not appear to argue that recusal is warranted in this matter because of this judge's own prior political activity. To the extent that they do, this judge's political activity before becoming a federal judge does not warrant recusal. It is "an inescapable part of our system of government that judges are drawn primarily from lawyers who have participated in public and political affairs." *Higganbotham v. Oklahoma ex. rel. Oklahoma Transp. Com'n*, 328 F.3d 638, 645 (10th Cir. 2003) (quoting *United States v. Alabama,* 828 F.2d 1532, 1543 (11th Cir.1987). The fact of past political activity alone will rarely require recusal. *Id.* "Courts that have considered whether pre-judicial political activity is also prejudicial regularly conclude that it is not." *In re Mason*, 916 F.2d at 386. "Reasonable, well-informed observers of the federal judiciary understand that judges with political friends or supporters regularly cast partisan interests aside and resolve cases on the facts and law." *Id.* at 387.

convicted. Thus, the argument continues, this judge's spouse will indirectly benefit if Johnny Ray Turner is convicted because her spouse's chances for future employment with the Fletcher administration will be increased.  (Rec. No. 57, Motion to Recuse at 8).

Again, under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Specific instances where recusal is required include situations in which the judge has a "personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  In addition, a judge must recuse where she knows that she or her spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).  Recusal is not required, however, when the alleged interest or bias on the part of the judge or his spouse is "not direct, but is remote, contingent, or speculative." *United States v. Morrison,* 153 F.3d 34, 48 (2d Cir.1998) (internal quotation marks omitted); *see also United States v. Thompson,* 76 F.3d 442, 451 (2d Cir.1996).

As stated, Defendants do not allege that this judge's spouse has any direct interest in this litigation.  Nor could any reasonable person find that such a direct interest exists.  Further, there could be no reasonable perception that Johnny Ray Turner's conviction will in some way assist Governor Fletcher's reelection, thereby indirectly benefitting the judge's spouse.  The Defendants submit two media reports in which Johnny Ray Turner described the Governor's budget as "hurtful" and stated the Governor's education budget "has problems." The fact that Johnny Ray Turner criticized Governor Fletcher's budget would not lead a reasonable, informed person to believe that, if Turner is convicted, Governor Fletcher has a greater chance of being reelected or that the outcome of this proceeding will have any bearing at all upon Governor Fletcher's reelection chances.

4

To the extent that the Defendants assert that this prosecution helps Governor Fletcher's reelection odds simply because any bad news about Democrats generally is good news for Republicans generally, this judge cannot recuse on the basis of such a remote connection to her husband's current employment.   Thus, this judge's impartiality in this matter cannot be reasonably questioned on the basis that her husband has an interest in its outcome.

The Defendants also assert that this judge should recuse because her husband donated money to the Republican opponents of two Democratic candidates who were supported by defendants Harris and Turner and evidence of the Defendants' support of those Democratic candidates may be introduced at the trial of this matter under Fed. R. Evid. 404(b). The Defendants do not state why these facts warrant the Court's recusal and, for the following reasons, the Court cannot discern any reason why these facts warrant recusal.

In the prior trial of Harris and Glenn Turner, the government was permitted to introduce evidence regarding contributions to four campaigns allegedly made by 13 of Glenn Turner's family members and associates.   The government was also permitted to introduce evidence regarding the bank records of these 13 contributors which showed that, at or about the same time of their contributions, the 13 contributors deposited cash into their checking accounts. In addition, the government was permitted to introduce evidence of Ross Harris' bank records showing that he made large cash withdrawals at or about the same time of the contributions.

 Thus, the 404(b) evidence of contributions to other campaigns involved a very discrete set of contributions.  At issue was the source of the contributions made by these 13 contributors who were friends and family of Glenn Turner.  The campaigns to which these 13 contributors donated were not at issue. Nor were their opponents' campaigns at issue. Accordingly, contributions by the

5

sitting judge's spouse to any of the candidates in these campaigns does not warrant the judge's recusal from this matter.

Throughout his pleadings regarding recusal, Johnny Ray Turner discusses an investigation currently being conducted by the Kentucky Attorney General into the hiring practices of Kentucky's sitting Governor and the effects of that investigation on the state. Turner asserts that the Attorney General's investigation has "created an incredibly heated political and legal culture in both Frankfort and around the state." (Rec. No. 57, Motion to Recuse at 5).  Defendants further indicate that it was this "heated situation" that led this judge to recently recuse in *Forgy v. Stumbo,* United States District Court, Eastern District of Kentucky, Case No. 3:05-CV-37(2005). (Rec. No. 57, Motion to Recuse at 5).

Whether the Attorney General's investigation has truly led to the level of political animosity across the state that the Defendants perceive is certainly debatable. Whatever the investigation's effects, however, this judge did not recuse from the *Forgy* case because of a "heated" political climate. In *Forgy*, the Plaintiff brought a civil action against the Attorney General seeking to enjoin the Attorney General from continuing his investigation. In his motion to recuse, the Attorney General alleged that the judge's spouse could be called as a material witness in the investigation. Because the civil action's very aim was to end an investigation in which the sitting judge's spouse could be called as a witness, this judge believed that her impartiality in that matter could reasonably be questioned.  Therefore, this judge recused.

In contrast, the criminal matter currently before this Court is in no way related to the Kentucky Attorney General's investigation of hiring practices in the sitting governor's administration.  Nor, as discussed above, could any reasonable person perceive that the sitting

judge's spouse has any interest in the outcome of this prosecution. This Court's recusal in *Forgy* in no way signifies that it will recuse in any matter in which a party alleges politics are involved or that the case is of a "political nature." Instead, this Court will recuse when warranted under 28 U.S.C. § 455. For the reasons discussed above, recusal is not warranted here.

The Defendants also asserts that, even if this Court's recusal is not mandated under 28 U.S.C. § 455, this judge should nonetheless recuse because of "fairness and constitutional concerns." (Rec. No. 57, Motion to Recuse at 10). It appears that the constitutional concerns to which the Defendants refer are a defendant's due process rights to an impartial tribunal. For the reasons discussed above, the Court's impartiality cannot be seriously questioned in this matter and, thus, no defendant's due process rights will be violated as a result of this judge presiding over this action. For the same reasons, "fairness" does not require this judge's recusal. The Defendants and the public are entitled to a fair trial, and this Court will make every effort to protect the fairness and integrity of this and every proceeding.

## II. CONCLUSION.

Accordingly, for all the above reasons, it is hereby ORDERED that the Defendant Loren Glenn Turner's Motion to Join Defendant Johnny Ray Turner's Motion to Recuse, Motion to Dismiss and Motion for Oral Argument (Rec. No. 67) is GRANTED; and the Defendants' Motion to Recuse (Rec. No. 57) is DENIED.

This the 30th day of November, 2005.



**Signed By:**

***Karen K. Caldwell***

**United States District Judge**

7